793 F.2d 1291
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MELVA FALES, Plaintiff-Appellant
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 85-1151
 United States Court of Appeals, Sixth Circuit.
 5/9/86
 
 REVERSED AND REMANDED
 E.D.Mich.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 Before: LIVELY, Chief Judge; MERRITT and JONES, Circuit Judges.
 MERRITT, Circuit Judge.
 
 
 1
 Appellant, Melva Fales, challenges the Secretary's denial of Fales' application for disability benefits and supplemental security income (SSI). Her last day of insured status for the purposes of disability benefits is March 31, 1971. Fales last worked until she suffered a back injury in June 1970, while lifting a die out of the press. In 1973 and 1976, Fales applied for and was denied disability benefits. In 1982, Fales applied a third time for disability benefits and also sought SSI. She claimed disability caused by damaged nerves, arthritis, two disc operations, a poorly healed ailment in her neck, a disc problem in her back and severe pain in her neck and numbness in her hands.
 
 The Disability Claim
 
 2
 Fales' disability benefits claim was denied on grounds of res judicata, and she was notified that 'since the facts are the same as those already considered in the past decision and since the same law applies, the decision remains in effect.' Denying the claim after the hearing, the ALJ held that res judicata barred Fales' disability benefits claim and that Fales was not severely impaired. In the District Court, the magistrate recommended that the ALJ be affirmed, and the Court followed his recommendation.
 
 
 3
 In order to qualify for disability benefits, a claimant must prove that he or she was disabled (as defined by the regulations) on or before the claimant's last day of insured status (which is calculated based on the claimant's earnings history). The parties agree that Fales' insured status expired on March 31, 1971. Fales unsuccessfully sought disability benefits twice before and did not seek reconsideration of her claims. The Secretary argues that these previous final determinations of her claims bar her present claim.
 
 
 4
 Fales' appeal of the denial of her application for disability benefits is controlled by Califano v. Sanders, 430 U.S. 99 (1977), which held that the refusal to reopen an earlier claim for disability benefits is not an action subject to judicial review under 42 U.S.C. Sec. 405(a).
 
 The Sanders Court summarized:
 
 5
 [A]n interpretation that would allow a claimant judicial review simply by filing--and being denied--a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in Sec. 205(g), to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits. Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims. Our duty, of course, is to respect that choice.
 
 
 6
 Sanders, 430 U.S. at 108 (citation omitted). On the disability claim, the ALJ found that the third claim in 1982 was in effect an effort to reopen the earlier claims of disability prior to the termination of coverage in 1971. The District Court correctly refused to review this claim under Sanders.
 
 The SSI Claim
 
 7
 Because this was her first claim for SSI, and because the SSI application date is the disability date, Fales' appeal of this claim is not barred by the res judicata and reopening problems of her other claim. The ALJ denied Fales' SSI claim, it is agreed by both Fales and the Secretary, on the ground that Fales did not have a severe impairment.
 
 
 8
 As we have seen ALJ's do a number of times in the past, the ALJ abandoned the clear step-by-step analytical process required for determination of a claimant's disability. 20 C.F.R. Sec. 416.920 (1985); Farris v. Secretary of Health & Human Services, 773 F.2d 85, 88-89 (6th Cir. 1985); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). In determining the severity of Fales' impairment, the ALJ appears to have jumped to later steps in the process and considered Fales' residual functional capacity to do work existing in the national economy. This is erroneous.
 
 
 9
 An impairment (or combination of impairments) is severe if it 'significantly limited [the claimant's] physical or mental ability to do basic work activities.' 20 C.F.R. Sec. 416.920(c) .921(a). The regulations define 'basic work activities' as 'the abilities and aptitudes necessary to do most jobs,' including, inter alia, '[p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling.' 20 C.F.R. Sec. 916.921(a), (b)(1). We have interpreted these definitions, in Salmi v. Secretary of Health and Human Services, 774 F.2d 685, 692 (6th Cir. 1985), to mean that 'an impairment qualifies as non-severe only if, regardless of a claimant's age, education, or work experience, the impairment would not affect the claimant's ability to work.' Similarly, in Farris, we held that an impairment is nonsevere 'only if the impairment is a 'slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience," 773 F.2d 25 at 90 (quoting Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984), and that 'the regulatory severity is only an 'administrative convenience' designed to screen out totally groundless claims.' 773 F.2d at 89 n.1.
 
 
 10
 We find no substantial evidence in the record to support the conclusion that Fales' impairments did not interfere with some basic work activities or that the impairments amounted only to a slight abnormality which had only a minimal effect on Fales and would not have interfered with her ability to work no matter what her age, education, and work experience. Farris, 773 F.2d 85. The record discloses that she had back, neck and arthritic problems that limited her work capacity.
 
 
 11
 The ALJ's decision that Fales is not severely impaired is hereby reversed. We state no opinion on Fales' qualification under other analytical steps in the disability determination. We remand to the ALJ for further proceedings consistent with this opinion.